UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TFORCE FREIGHT, INC., | Civil Action No. 23-4576 (SRC) |
| Plaintiff, | OPINION & ORDER |
| v. | |
| TR EQUIPMENT, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court on Plaintiff TForce Freight, Inc.'s ("TForce") motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Defendant TR Equipment ("TR") failed to respond to the Complaint and has not appeared in this action. Pursuant to Federal Rule of Civil Procedure 78, the Court proceeds to rule without oral argument.

Because the Complaint does not allege facts to support the Court's exercise of personal jurisdiction over Defendant, the motion will be denied.

I

This case is a declaratory judgment action stemming from a shipping mishap between Plaintiff, a transporter of goods, and Defendant, an Illinois-based manufacturer of assisted bathing products. The complaint alleges that Plaintiff and Defendant entered into a contract for the transportation of goods on or about December 27, 2022. Complaint (ECF No. 1) at ¶ 6. Defendant packaged, boxed, and loaded the goods onto a trailer operated by Plaintiff. Id. ¶ 8. Upon arrival, the Consignee refused delivery, and an independent freight inspection concluded that Defendant's

packaging was "not sufficient for the normal rigors of transportation." Id. ¶ 12. Defendant asserted a Cargo Damage Claim against Plaintiff, but that claim was disallowed because of Defendant's packing errors. Id. ¶¶ 13-14. The TForce Rules Tariff, which Plaintiff alleges governed the Bill of Landing and Contract of Carriage, requires that Defendant "provide sufficient and proper safeguards and packaging in accordance with generally accepted standards in the transportation industry." Id. ¶ 15. Plaintiff alleges that Defendant's failure to properly package the goods constituted a breach of the Contract of Carriage. Id. 16. Defendant served Plaintiff with a litigation threat letter on July 24, 2023, asserting liability and seeking $18,377.87 in damages. Id. ¶ 18. Upon investigation, Plaintiff concluded that there could be no liability because of Defendant's violation of the Contract of Carriage. Id. ¶ 18.

Plaintiff now seeks a declaratory judgment to enforce the terms and conditions of the Bill of Lading and Contract of Carriage, which they allege precludes liability. Complaint at ¶¶ 23, 27. The Complaint was filed on August 15, 2023. (ECF No. 1). Plaintiff filed its affidavit of service on September 13, 2023. (ECF No. 6). Defendant's time to answer expired on October 4, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff requested an entry of default on November 9, 2023 (ECF No. 7), and the Clerk entered default on November 13, 2023. This motion followed on January 25, 2024. (ECF No. 8).

II

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to file a timely response. Anchorage Assoc. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990). Once the clerk enters default under Rule 55(a), the entry of a default judgment is largely within the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,

2

175 F. App'x 519, 521 n.1 (3d Cir. 2006). However, prior to entering a default judgment, the Court must assure itself of jurisdiction over both the subject matter and the parties. Great Lakes Ins. SE v. Ross, 652 F. Supp. 3d 472, 477 (D.N.J. 2023) (citing Chanel, Inc. v. Matos, 133 F. Supp. 3d 678, 683 (D.N.J. 2015).[1] "While unlike subject matter jurisdiction, a court generally may not raise personal jurisdiction *sua sponte*, when a default judgment is requested, a court is required to make a threshold determination regarding any jurisdictional defects." Allaham v. Naddaf, 635 F. App'x 32, 36 (3d Cir. 2015) (citing Bolden v. Se. Penn. Transp. Auth., 953 F.2d 807, 812 (3d Cir. 1991) (citations omitted)). The Court may exercise personal jurisdiction where the Court possesses either general or specific jurisdiction over a defendant. Ford Motor Co. v. Montana Eighth Judicial District Ct., 492 U.S. 351, 358-60 (2021).

A

Plaintiff does not plead facts to support an exercise of general jurisdiction over Defendant. General jurisdiction requires that the defendant be "essentially at home" in the State and, where present, applies to any and all claims brought against a defendant. Ford, 592 U.S. at 358 (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011); Daimler AG v. Bauman, 571 U.S. 117, 137 (2014)). "At home" means "domiciled," and for purposes of a corporate entity like TR Equipment, "domiciled" means either headquartered or incorporated in the forum state. Id. The allegations in the complaint are plainly insufficient to find general jurisdiction. Plaintiff alleges that "Defendant is an Illinois corporate entity with an Illinois principal place of business . . . ." Complaint at ¶ 2; see also Civil Cover Sheet (ECF No. 1-1)

---

[1] The Court has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act and the Carmack Amendment to the Interstate Commerce Act. 28 U.S.C. §§ 2201-02; 49 U.S.C. § 14706.

(listing Winnebago County, Illinois as Defendant's county of residence). A federal district court in New Jersey cannot exercise general jurisdiction over an Illinois company.

### B

Absent general jurisdiction over Defendant, Plaintiff must allege facts to support specific jurisdiction over Defendant, and they have not done so. For a court to exercise specific personal jurisdiction, the Court must either be granted jurisdiction by state statute or exercise jurisdiction within the constitutional bounds of the due process requirements of the United States Constitution. "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)); Charles Gendler & Co. Telecom Equip. Corp., 102 N.J. 460, 469 (1986)). The Fourteenth Amendment requires that, for a court to exercise personal jurisdiction over an absent defendant, the defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. and Placement, et al., 326 U.S. 310, 316 (1945). Minimum contacts require "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The plaintiff's claims must "'arise out of or relate to the defendant's contacts' with the forum." Ford Motor Co., 592 U.S. at 359 (quoting Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty., 582 U.S. 255, 262 (2017)).

Plaintiff makes two assertions regarding Defendant's contacts with New Jersey. First, in the Motion for Default, Plaintiff alleges that "Personal Jurisdiction exists because the Defendant does business in New Jersey." Motion for Default (ECF No. 8) at 3. But "doing business" in a forum state is a far cry from the standards articulated by the Supreme Court for specific jurisdiction

4

over a corporation that is not domiciled in that state—rather, "[t]he contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" Ford Motor Co., 592 U.S. at 359 (quoting Keeton v. Hustler Mag., Inc., 465 U.S. 770, 74 (1984)). Plaintiffs must show that the defendant "deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." Id. (quoting Walden v. Fiore, 571 U.S. 277, 285 (2014)). Plaintiff merely alleges, in a case involving a shipment from Illinois to California, that Defendant does business in New Jersey. This does not suffice to show that Defendant does any business in New Jersey at all, let alone that Defendant has "reached out beyond" its home state of Illinois to purposefully avail itself of the New Jersey market. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985). Indeed, the mere fact that a defendant does business in a particular state is one of the paradigmatic situations that the Supreme Court has held is insufficient to confer personal jurisdiction. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1984) (holding that a corporation sending personnel into Texas for purchasing and training was insufficient to constitute minimum contacts with the state).

Second, in the Complaint, Plaintiff alleges that "[j]urisdiction . . . is also proper pursuant to 49 U.S.C. § 14706(d)(1) because . . . Defendant does business in New Jersey." Complaint at ¶ 5. Courts interpret this provision of the Carmack Amendment to the Interstate Commerce Act as a venue provision, not a grant of jurisdiction, and conduct an independent personal jurisdiction analysis, as the Court has done above. Aspen American Ins. Co. v. Total Quality Logistics, LLC, No. 17-5281, 2019 WL 1275058, at *2-3 (D.N.J. Mar. 20, 2019) (noting that venue is proper under § 14706(d)(1) and conducting a separate personal jurisdiction analysis); HDI Global Ins. Co. v. Nationwide Auto Carrier, LLC, No. 23-1236, 2024 WL 184507, at *2-3 (D.N.J. Jan. 17, 2024) (same). So too here, § 14706(d)(1) cannot stand on its own to confer jurisdiction over Defendant.

And for the reasons discussed above, merely alleging that Defendant "does business in New Jersey" in a case where the shipment at issue was from Illinois to California does not suffice to grant the Court either general or specific jurisdiction over the Defendant. See Ford Motor Co., 592 U.S. at 359 (collecting cases).

Therefore, the Court cannot exercise specific personal jurisdiction over Defendant.

\*   \*   \*

Defendant is neither headquartered nor incorporated in New Jersey, and "doing business in New Jersey" is insufficient to confer specific personal jurisdiction over Defendant both under the Carmack Amendment and the U.S. Constitution. As such, the Court cannot exercise personal jurisdiction over Defendant, and the motion for default will be denied. Plaintiffs may amend their complaint to cure the defects identified in this Opinion by pleading facts sufficient to demonstrate that Defendant has sufficient minimum contacts with New Jersey, and that the events at issue here arise out of or relate to those contacts, such that an exercise of personal jurisdiction would be constitutional.

For these reasons,

**IT IS** on this 2nd day of April, 2024

**ORDERED** that Plaintiff TForce Freight, Inc.'s motion for default judgment (Docket No. 8) is **DENIED**; and it is further

**ORDERED** that Plaintiff TForce Freight, Inc. is **GRANTED** leave to amend its Complaint (Docket No. 1) within 30 days of this Order.

                                                    s/Stanley R. Chesler  
                                           STANLEY R. CHESLER, U.S.D.J.

Dated: April 2, 2024